## Appeal of CHAPIN CONSTRUCTION CO.

Docket No. 3200.   Submitted June 16, 1925.   Decided November 12, 1925.

A corporation engaged in the business of road and street construction contracting, keeping its accounts on the basis of completed contracts and treating the total contract price as gross income in the year when the original construction work is finished, may not deduct therefrom a reserve for estimated expense of maintenance during the following years specified in the contract. Following *Appeal of Uvalde Co.*, 1 B. T. A. 932.

*Mrs. G. G. Lewis* for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

### Before JAMES and TRUSSELL.

This is an appeal from the determination of deficiencies in taxes for the years 1919 to 1921, inclusive, aggregating $10,718.84, and an overassessment of $662.97 for the year 1922. The appeal was submitted on the pleadings.

### FINDINGS OF FACT.

The taxpayer is a Texas corporation organized on May 13, 1916, under the name of " Chapin-Colglazer Construction Co." On June 27, 1923, the name of the corporation was changed to Chapin Construction Co.

The taxpayer filed an income-tax return for the year 1920 upon the basis of which tax was assessed in the amount of $4,423.90. In June, 1922, it filed an amended return for the year 1920 and, upon the basis of the amended return, additional tax was assessed in the amount of $4,309.31. The Commissioner subsequently determined that additional tax is due from the taxpayer for the year 1920 in

the amount of $6,322.42. The amount of the additional tax now proposed to be assessed was arrived at by the Commissioner on the theory that there had been theretofore assessed against the taxpayer only the amount of $4,423.90, assessed on the original return, and there was not taken into consideration the fact that additional tax in the amount of $4,309.31 was assessed on the amended return filed in June, 1922.

The taxpayer is, and has been since its organization, engaged in the business of constructing roads and streets. Its contracts for the construction of roads and streets usually contain the provision that the corporation shall keep the roads and streets so constructed in repair and maintain them for a certain period. A copy of the provision contained in the contract relating to one of the roads constructed by the taxpayer during one of the years involved herein is attached to the petition and is admitted to be typical of all such contracts entered into by the taxpayer. The provision is that—

The said contractor further agrees to begin the work within ten days after being notified to commence, and complete same not later than fifty days and to keep the road maintained during construction and for three years after completion and acceptance of the work.

However, the contracts for some of the roads and streets constructed by the taxpayer provided for a maintenance period of only one year.

The taxpayer did not report as income the profits on any contract until the construction portion of the contract had been completed. It then, in computing its profits, took the difference between the total amount of the contract price and the total cost of the construction done under such contract, and deducted therefrom an amount set up as a reserve to cover the expense estimated to be necessary to carry out the repair and maintenance clause of the contract. The net amount thus arrived at was reported as income. During the years 1919 to 1921, inclusive, it deducted on account of reserves for repair and maintenance the amount of $27,063.25, but the amount thereafter actually spent for the repairs and maintenance, for which the reserves were set up, was only $7,382.92. The Commissioner, upon audit of the taxpayer's return, disallowed the reserve so set up by the taxpayer, but allowed as deductions from gross income the amounts actually expended by the taxpayer during the years 1919 to 1921 for the repair and maintenance of the streets and roads which it was obligated to repair and maintain.

On the basis of the adjustments of the taxpayer's income, as herein above outlined, the Commissioner determined that there is a deficiency in tax in the amount of $1,393.26 for the year 1919, $6,322.42 for the year 1920, and $3,003.06 for the year 1921, and an overassessment in the amount of $662.97 for the year 1922.

## DECISION.

The determination for the year 1919 is approved. The deficiencies for the years 1920 and 1921 should be computed in accordance with the following opinion. Final determination will be settled on 15 days' notice, pursuant to Rule 50.

## OPINION.

TRUSSELL: The Commissioner has filed a plea in bar to the right of the taxpayer to maintain its appeal as to the year 1922 on the ground that there has not been, since the enactment of the Revenue Act of 1924, a determination by the Commissioner that a deficiency in tax is due from the taxpayer for that year and that the Commissioner has not, since the enactment of the Revenue Act of 1924, proposed to assess a deficiency in tax against taxpayer for the year 1922. The record discloses that the Commissioner has determined that there is additional tax due from the taxpayer for each of the years 1919, 1920, and 1921, and an overassessment for the year 1922, making a net deficiency from which the taxpayer has appealed. The plea in bar is overruled on the authority of the *Appeals of E. J. Barry*, 1 B. T. A. 156; and *Hickory Spinning Co.*, 1 B. T. A. 409.

The record in this appeal shows that the Commissioner proposes to assess additional tax against the taxpayer for the year 1920 in the amount of $6,322.42. The amount of this proposed additional assessment was arrived at on the theory that the only tax heretofore assessed against the taxpaper for the year 1920 was that assessed on the original return in the amount of $4,423.90, whereas there had theretofore been assessed, on an amended return, an additional tax in the amount of $4,309.31. The Commissioner, in his answer filed herein, admits that the additional tax in the amount of $4,309.31, assessed against the taxpayer on its amended return in the year 1922, was not taken into consideration in determining the deficiency for the year 1920, involved in this appeal. It therefore follows that the deficiency for the year 1920, as determined by the Commissioner, should be reduced by the amount of tax assessed on the taxpayer's amended return for that year.

This taxpayer appears to have consistently followed a system of accounting based upon completed contracts and, without any reference to the time when contract moneys have been received or the work actually performed, the total contract price has been treated as gross income and the total cost of performance of the contract has been treated as deductions in the year in which the original construction work under the contract was completed. This method of accounting for road, paving, and similar contracting

appears to be in accord with generally approved accounting methods. Practically all of these kinds of contracts require that the contractor shall maintain and repair the roads or streets built or paved by it for a specified term of years, and experience has demonstrated that under the repair and maintenance provisions of such contracts the contractor will be required to expend various sums of money for repairs during the maintenance period. Whether the relationship between the gross price of the contract and the cost of future repairs has ever been or can be worked out to a reliable percentage basis has not been shown in the record of this appeal and is not known to the Board. However, in total disregard of the merits, if any, of this accounting question, the Board has determined in other appeals that reserves for repairs and maintenance under conditions such as those existing in this appeal can not be allowed as a deduction from gross income. *Appeals of Uvalde Co.*, 1 B. T. A. 932; *Consolidated Asphalt Co.*, 1 B. T. A. 79.

We therefore find: That there is no reason for modifying the deficiency determined by the Commissioner for the year 1919; that the deficiency for the year 1920 should be reduced by the amount of $4,309.31, assessed upon an amended return; and the excess profits tax, if any, for the year 1921 should be computed upon the basis set forth in *Appeal of Guarantee Construction Co.*, 2 B. T. A. 1145.